UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| RICHARD LENARD CARR, JR., ) | Case No. 11-47295-659 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| RICHARD LENARD CARR, JR., ) | **Adversary No. 11-4349-659** |
| ) | |
| ) | |
| Plaintiff, ) | **PUBLISHED** |
| ) | |
| -v- ) | |
| ) | |
| EMC MORTGAGE, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

The matter before the Court is the Amended Complaint for Breach of Contract, Violation of the Missouri's [sic] Merchandising Practices Act, Promissory Estoppel and Wrongful Foreclosure filed in Adversary Case No. 11-4349 [Docket # 50], Defendants' Motion to Dismiss filed in Adversary Case No. 12-4052 [Docket # 27] and Plaintiff's Amended Response to Defendant's [sic] Motion to Dismiss filed in Adversary Case No. 12-4052 [Docket # 35]. On June 1, 2012, this Court granted Plaintiff's Motion to consolidate Adversary Case Nos. 11-4349 and 12-4052. On September 25, 2012, a hearing was held at which Plaintiff Richard Lenard Carr and Defendant JPMorgan Chase Bank N.A., as successor in interest to EMC Mortgage, LLC, formerly known as EMC Mortgage Corp. and Defendant U.S. Bank National Association, successor in interest to Bank of America, National Association, appeared by counsel. Oral argument was presented and the matter was taken under submission. Upon consideration of the record as a whole, the Court makes the following FINDINGS AND CONCLUSIONS:

Plaintiff Richard Lenard Carr (hereinafter "Mr. Carr") is an individual who resides at 5 Elm

Court, St. Peters, Missouri (hereinafter "Property"). Mr. Carr owned the Property jointly with his wife. On or about August 19, 2005, Mr. Carr and his wife executed a Note and Deed of Trust in favor of Bayrock Mortgage Corp. secured by the Property. The Note and thus the Deed of Trust are now held by Defendant U.S. Bank National Association (hereinafter "U.S. Bank") as successor in interest to Bank of America, N.A. (hereinafter "Bank of America"). Defendant JPMorgan Chase Bank N.A. (hereinafter "Chase") now services the Note, as successor in interest to EMC Mortgage Corp.

The U.S. Government, through the U.S. Department of the Treasury implemented the Home Affordable Modification Program (hereinafter "HAMP") to provide financial incentive for the largest financial institutions in the United States to provide mortgage loan modifications and to help homeowners avoid foreclosure. EMC Mortgage Corp. and Bank of America have each signed a Servicer Participation Agreement with the U.S. Department of the Treasury and therefore receive incentives to modify loans under HAMP. Chase and U.S. Bank have also signed separate Servicer Participation Agreements.

In 2010, Mr. Carr began the initial process under HAMP to obtain a loan modification. Mr. Carr was approved for the Trial Plan Period on February 15, 2010 by EMC Mortgage Corp.; payments were to commence on March 1, 2010 in the amount of $1,401.20 per month for three months. Mr. Carr was also required to send EMC Mortgage Corp. a host of documents. The Trial Plan Period notice that was sent to Mr. Carr from EMC Mortgage Corp. stated, "[a]fter all trial period payments are timely made and you have submitted all the required documents, your mortgage would then be permanently modified if you qualify. (Your existing loan and loan requirements remain in effect and unchanged during the trial period.)" See trial Plan Period, p.1. Mr. Carr made all of the Trial Plan Period payments when due and believes that he submitted all the requested

documents by FedEx on or about March 16, 2010[1] and again on or about April 14, 2010 by facsimile.

Mr. Carr received notice on or about June 30, 2010 that the application for a permanent modification of the Note was denied. The notice stated:

> We are unable to offer you a Home Affordable Modification because you did not provide us with the documents we requested. A notice, which listed the specific documents we needed at the time frame required to provide them, was sent to you previously.

Notice of Expiration dated June 30, 2010.

The notice further states that if the Note was in foreclosure at the time that the Trial Period Plan commenced, the foreclosure process may resume without further notice. Mr. Carr appealed the denial of the loan modification with EMC Mortgage Corp. on the basis that he was not given the opportunity to supplement the documents he submitted prior to denial of the loan modification. On or about October 6, 2010, Mr. Carr submitted a new request for a loan modification. The Property was foreclosed upon by Bank of America on or about November 3, 2010 and the Property was conveyed to Bank of America via Trustee's Deed.

Mr. Carr sets forth four separate causes of action in his Amended Complaint: 1) Breach of Contract, 2) Violation of the Missouri Merchandising Practices Act, 3) Promissory Estoppel and 4) Wrongful Foreclosure. Chase and U.S. Bank argue that Mr. Carr did not have a right to a permanent modification of the Note under HAMP or the Trial Payment Plan, and that Mr. Carr has not stated a claim for neither violation of the Missouri Merchandising Practices Act, promissory estoppel nor wrongful foreclosure.

## **JURISDICTION**

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2011) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri.

---

[1] The documents were due no later than March 17, 2010.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (K) (2011). Venue is proper in this District under 28 U.S.C. § 1409(a) (2011).

## CONCLUSIONS OF LAW

Before the Court is Chase and U.S. Bank's Motion to Dismiss Mr. Carr's Amended Complaint. This Court will address each count separately.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, as made applicable in bankruptcy proceedings under Rule 7008 of the Federal Rules of Bankruptcy Procedure, a complaint must have a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (2011); Fed. R. Bankr. P. 7008 (2011). A complaint must have "enough facts to state a claim to relief that is plausible on its face" wherein the plaintiff's right to relief is above speculation. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007). "When the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a complaint has facial plausibility and will therefore survive a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

**Count I: Breach of Contract**

Mr. Carr makes a three-fold breach of contract argument. Mr. Carr first argues that he was a third party beneficiary of the Servicer Participation Agreement between EMC Mortgage Corp. and the U.S. Department of the Treasury as well as the Servicer Participation Agreement between Bank of America and the U.S. Department of the Treasury. Mr. Carr further argues that EMC Mortgage Corp. breached its specific contractual obligations to Mr. Carr under the Trial Plan Period. Mr. Carr also argues that EMC Mortgage Corp. and Bank of America have breached their contractual duties to Mr. Carr under the Note and Deed of Trust, and consequently, Chase and U.S. Bank are liable.

*Third Party Beneficiary*

Mr. Carr argues that under Missouri law, an individual may have a claim as a third party

beneficiary of a contract if the entities that entered into the contract intended that individual to benefit from the contract as a third party beneficiary. Mr. Carr argues that he is the specific intended beneficiary of the Servicer Participation Agreement between EMC Mortgage Corp. and the U.S. Department of the Treasury in that the stated goal of HAMP is to keep homeowners in their homes. Mr. Carr argues that he is harmed because EMC Mortgage Corp. did not comply with its obligations under the Servicer Participation Agreement in that EMC Mortgage Corp. did not evaluate Mr. Carr's request for a loan modification, nor did it maintain the documents Mr. Carr sent. Further, Mr. Carr argues that EMC Mortgage Corp. should have sent him a notice of any deficiencies with the documents he sent and granted him a 30-day period to cure any such deficiencies prior to declining to issue the loan modification. Mr. Carr also argues that EMC Mortgage Corp. and Bank of America, and consequently Chase and U.S. Bank, have generally failed to provide loan modifications to qualified borrowers.

Chase and U.S. Bank do not directly respond to Mr. Carr's arguments beyond stating that the Trial Plan Period was a contract to *consider* modification of Mr. Carr's Note, expressly conditioned on Mr. Carr making the Trial Plan Period payments, submitting all requested documentation and independently qualifying for the loan modification. Further, Chase and U.S. Bank argue that all rights under the Note and Deed of Trust were reserved during the Trial Plan Period, to the inclusion of foreclosure. Therefore, because no contract to grant a loan modification existed, no breach of contract could occur, and Mr. Carr cannot be a third party beneficiary of a contract that does not exist.

There is no dispute that Mr. Carr does not have standing under HAMP to bring a third party beneficiary claim. Because the respective Servicer Participation Agreements were entered into with the United States through its agent, the U.S. Department of the Treasury, federal common law applies. *See Speleos v. BAC Hom Loans Servicing, L.P.,* 755 F.Supp.2d 304, 307 (D. Mass. 2010) (citation omitted). Only intended beneficiaries may enforce a contract under federal common law.

*Id.* Section 313 of the Restatement (Second) of Contracts provides that:

> [A] promisor who contracts with a government or governmental agency to do an act for or render a service to the public is not subject to contractual liability to a member of the public for consequential damages resulting from performance or failure to perform unless:
> (a) the terms of the promise provide for such liability; or
> (b) the promisee is subject to liability to the member of the public for the damages and a direct action against the promisor is consistent with the terms of the contract and with the policy of the law authorizing the contract and prescribing remedies for its breach.

Restatement (Second) of Contracts § 313. Indications that a third-party action concerning a government contract is inappropriate include:

> [the existence of] arrangements for governmental control over the litigation and settlement of claims, the likelihood of impairment of service or of excessive financial burden, and the availability of alternatives such as insurance.

Restatement (Second) of Contracts § 313 cmt. a.

Mr. Carr has not presented this Court with any basis to conclude that the Service Participation Agreements entered into by EMC Mortgage Corp. and Bank of America provide for any liability to Mr. Carr. Further, Mr. Carr has not presented this Court with any facts or basis to conclude that any entity – be it the U.S. government or a bank that has entered into a Servicer Participation Agreement, or any other entity – is liable to Mr. Carr or any other member of the public under HAMP or a Servicer Participation Agreement. Therefore, Mr. Carr does not have a claim under federal common law for breach of contract as a third party beneficiary of the Servicer Participation Agreements. Missouri common law does not apply. And, Mr. Carr acknowledges that Mr. Carr cannot seek to enforce the HAMP guidelines, nor can Mr. Carr force EMC Mortgage Corp. to grant him a loan modification. Mr. Carr is not a third-party beneficiary of the respective Servicer Participation Agreements.

*Breach of Trial Plan Period Contract*

Mr. Carr next argues that the Trial Plan constituted a valid offer, and by making the Trial

Plan Period payments and submitting what he believed to be the requested documents, Mr. Carr relied on EMC Mortgage Corp.'s promise to grant him a loan modification. Mr. Carr further argues that by making the Trial Plan Period payments, Mr. Carr forfeited the ability to pursue alternative means of saving his home.

Mr. Carr relies heavily on *Wigod v. Wells Fargo Bank* for the proposition that the Trial Plan constituted a valid contract for a loan modification. In *Wigod,* a bank issued the plaintiff a four-month trial loan modification. *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 554 (7th Cir. 2012). The plaintiff alleged that though she qualified and complied with all the requirements of the trial loan modification, to the inclusion of making all required payments and supplying all requested documents, the bank declined to permanently modify her loan. *Id.* At that time, the bank could grant trial loan modifications based on unverified oral representations, or the bank could require the individual requesting a loan modification "to provide documentary proof of her financial information before commencing the trial plan." *Id.* at 558. The bank chose the second option and the plaintiff provided the required financial documentation and made all the required payments. The bank determined that the plaintiff was eligible for HAMP and sent the plaintiff a trial plan period agreement which stated, "I understand that after I sign and return two copies of this Plan to the Lender, the Lender will send me a signed copy of this Plan if I qualify for the [permanent modification] Offer or will send me written notice that I do not qualify for the Offer." *Id.* The trial plan period agreement further provided that "[i]f I am in compliance with this Loan Trial Period and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a [permanent] Loan Modification Agreement." *Id.* The Seventh Circuit Court of Appeals ruled that the language of this trial plan period agreement was a valid offer for a permanent loan modification, which the plaintiff accepted and showed consideration for. *Id.* at 560-566. Mr. Carr argues that in this case, like in *Wigod v. Wells Fargo Bank, N.A.,* Mr. Carr's Trial Plan Period constituted a offer to permanently modify the Note, which Mr. Carr accepted and showed

-7-

consideration for. Therefore, Mr. Carr argues that EMC Mortgage Corp.'s failure to modify the Note constitutes a breach of contract.

In Missouri, to bring forth a claim for breach of contract, the movant must prove the "(1) existence of an enforceable contract between [the parties to the action], (2) that mutual obligations [have] arisen under [the contract's] terms, (3) that [the party or parties being sued have] not performed [its or their] obligations imposed by the contract and (4) that [the party seeking recovery] was thereby damaged." *Superior Ins. Co. v. Universal Underwrites Ins. Co.,* 62 S.W.3d 110, 118 (Mo. App. 2001). Therefore, to have standing to bring forth a breach of contract claim, the movant must have a "legally protectable interest at stake." *General Motors Acceptance Corp. v. Windsor Group, Inc.,* 2 S.W.3d 836, 839 (Mo. App. 1999) (citing *Battlefield Fire Protection Dist. v. City of Springfield,* 941 S.W.2d 491, 492 (Mo. Banc. 1997)). In order to have a legally protectable interest at stake, the movant must have the "right to enforce the contract as a party thereto or as a third party beneficiary." *Id.* (citing *Farmers Ins. Co., Inc. v. Miller,* 926 S.W.2d 104, 107 (Mo. App. 1996)).

Here, the Trial Plan Period states that Mr. Carr has been approved for the first step towards qualifying for a loan modification. The notice provided to Mr. Carr further states that Mr. Carr must make three monthly payments in the amount of $1,401.20 starting on March 1, 2010 and that Mr. Carr must submit certain documents by March 17, 2010. Unlike the trial plan period in *Wigod v. Wells Fargo,* the notice in this case merely states that if Mr. Carr complies with the Trial Plan Period offer by timely making the required payments and by submitting the required documents, Mr. Carr's mortgage will only be modified *if Mr. Carr qualifies.* The notice further states that Mr. Carr's current loan and loan requirements remain in effect and unchanged during the Trial Plan Period. Therefore, *Wigod v. Wells Fargo* is factually distinguishable in that here, there is no room for ambiguity; the plain terms of the Trial Plan Period state that even if Mr. Carr makes the required payments and submits the requested documents, Mr. Carr must nonetheless qualify for a loan modification.

On this basis therefore, this Court must conclude that there was not a contract between Mr. Carr and EMC Mortgage Corp. for EMC Mortgage Corp. to grant Mr. Carr a loan modification. At best, the Trial Plan was an offer to consider granting Mr. Carr a loan modification, which was expressly conditioned on at least three things: 1) Mr. Carr making Trial Plan Period Payments; 2) Mr. Carr submitting the required documentation; and 3) Mr. Carr qualifying for a loan modification. *See also Bohnhoff v. Wells Fargo Bank, N.A.,* 853 F. Supp. 2d 849, 855 (D. Minn. 2012) (where the court determined that a trial plan period was an offer to consider modification, expressly conditioned on trial payments and other criteria). Therefore, Mr. Carr's second claim for breach of contract is not valid. Further, Mr. Carr has not sufficiently alleged facts that tend to show that EMC Mortgage Corp. has not performed its obligations under the Trial Plan to consider Mr. Carr for a loan modification in that this Court cannot conclude that Mr. Carr indeed submitted all the required documentation by the deadline of March 17, 2010.

*Breach of the Note and Deed of Trust*

So too, Mr. Carr has not demonstrated any proof as to how EMC Mortgage Corp. and Bank of America, and consequently Chase and U.S. Bank, have breached their duties under the Note and Deed of Trust. Debtor does not provide any detail of this argument or the basis for his assertion. Specifically, Mr. Carr has not presented this Court with a copy of the Note or Deed of Trust nor has Mr. Carr outlined which portions of the Note and Deed of Trust have been violated. Thus, to the extent that Mr. Carr seeks to assert a claim for breach of contract based on the premise that EMC Mortgage Corp. and Bank of America have breached their duties under the Note and Deed of Trust, this count will be dismissed for failure to state a claim.

**Count II: Violation of the Missouri Merchandising Practices Act**

Mr. Carr next argues that Chase and U.S. Bank have violated the Missouri Merchandising Practices Act (hereinafter "MMPA") in that EMC Mortgage Corp. and Bank of America did not deal fairly with Mr. Carr and acted in bad faith when EMC Mortgage Corp. and Bank of America failed

to perform the required loan servicing obligations, solicited payments from Mr. Carr under the promise of a loan modification and yet declined to modify the Note. Mr. Carr further argues that EMC Mortgage Corp. denied Mr. Carr the right to a loan modification on the basis that documentation was missing. Mr. Carr disputes that documentation was missing and further states that EMC Mortgage Corp. should have afforded him a 30-day opportunity to cure this deficiency by providing the missing documentation. Mr. Carr bases this right to a 30-day cure period on HAMP Supplemental Directive 09-10.[2] Further, Mr. Carr argues that he was induced to make the payments under the promise of a loan modification, which violates of the MMPA. Chase and U.S. Bank dispute that the actions of EMC Mortgage Corp. and Bank of America fall within the purview of the MMPA because even if Mr. Carr's arguments are all accepted, the above allegations do not constitute deceptive or unfair practices, nor are they 'in connection with' the sale or advertisement of merchandise or services.

> The MMPA provides:
>
>> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice. Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

---

[2]HAMP Supplemental Directive 09-10, December 23, 2009, https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/sd0910.pdf, last visited January 11, 2013.

Mo. Rev. Stat. § 407.020.1 (2012).  The MMPA primarily functions to protect consumers through the prevention of false, fraudulent or deceptive acts in connection with the sale of merchandise. See Mo. Rev. Stat. § 407.020 (2012).  Merchandise includes "any objects, wares, goods, commodities, intangibles, real estate, or services."  Mo. Rev. Stat. § 407.010(4) (2012).  The MMPA does not define 'deceptive practices' however the statute is intentionally broad to "prevent evasion by overly meticulous definitions." *State of Missouri, ex. rel. Koster v. Portfolio Recovery Associates, LLC,* 351 S.W.3d 661, 664 (Mo. App. 2011) (citing *Clement v. St. Charles Nissan, Inc.,* 103 S.W.3d 898, 900 (Mo. App. 2003)).  "The phrase in connection with, for purposes of the MMPA, is not statutorily defined. 'Connection' is defined in Webster's dictionary as meaning 'relationship in fact.' ... Applying this definition, we look for a 'relationship in fact' between the advertising and sale of the merchandise at issue ..." *Id.* at 665 (quotations in original) (citations omitted).

      This Court does not foreclose on the possibility that the offer of loan modification services are within the purview of the MMPA.  There is a relationship in fact between advertising that certain services will be performed for due consideration and the actions taken to perform those services.

      Mr. Carr alleges that EMC Mortgage Corp. essentially advertised that it would consider Mr. Carr for a loan modification but in fact did not maintain the documents submitted which were essential to EMC Mortgage Corp.'s determination as to whether Mr. Carr qualified for the loan modification.  Therefore, Mr. Carr alleges that EMC Mortgage Corp. acted in bad faith and essentially induced Mr. Carr to make the Trial Plan Period payments under the promise of a loan modification.  Mr. Carr argues that but for this promise, he would not have made these payments and instead would have sought other remedies to avoid foreclosure.

      Mr. Carr's argument fails for numerous reasons.  As previously discussed, the Trial Plan Period was not a contract, but was at best an offer to enter into a contract if Mr. Carr made the required payments, submitted the required documentation and qualified for the loan modification. Mr. Carr contends that he sent EMC Mortgage Corp. all the documents requested, however, there

is no basis for this Court to conclude that Mr. Carr indeed sent all the requested documents or that EMC Mortgage Corp. did not maintain the documents sent by Mr. Carr.  Further, at no point in the correspondence sent by EMC Mortgage Corp. regarding the Trial Plan Period does it state that if EMC Mortgage Corp. does not receive all the requested documentation by the stated due date, Mr. Carr will be afforded a 30-day cure period.  Mr. Carr insists that he was entitled to a 30-day cure period based on HAMP Supplemental Directive 09-10, however, there is no dispute that HAMP does not create a private cause of action, therefore any reliance on HAMP is improper.  Moreover, the HAMP Supplemental Directive 09-10 only applies to active HAMP trial modifications scheduled to expire on or before January 31, 2010, and the Trial Plan Period was not approved to begin until February 15, 2010.   The monthly payments made by Mr. Carr during the Trial Plan Period were less than Mr. Carr's regular mortgage payment; therefore, in any respect, Mr. Carr was not induced to do anything or make any payments over and above his existing obligations under the Note and Deed of Trust.   Further, the Trial Plan Period correspondence specifically states that the terms of Mr. Carr's existing mortgage and the requirements of the mortgage "remain in effect and unchanged during the trial period." See Trial Plan Period, p. 3.  Finally, the Court notes that Mr. Carr was notified on or about June 30, 2010 that he would not receive a loan modification and the Property was foreclosed upon on or about November 3, 2010, leaving Mr. Carr considerable time to weigh his options.  In sum, there is no basis to conclude that Chase, U.S. Bank, EMC Mortgage Corp. or Bank of America have violated the MMPA and Mr. Carr has not presented this Court with any sound allegation that the above named have committed an act of deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

There is no basis for this Court to conclude that Mr. Carr was entitled to a loan modification. The Trial Plan Period was not a contract, but was at best an offer to enter into a contract, if Mr. Carr

qualified. There being no contract, Chase and U.S. Bank via EMC Mortgage Corp. and Bank of America cannot breach any implied covenants of good faith and fair dealing and as such, have not violated the MMPA on any grounds presented by Mr. Carr.

**Count III: Promissory Estoppel**

Mr. Carr argues that he is entitled to relief on a theory of promissory estoppel in that EMC Mortgage Corp. promised Mr. Carr that he could be approved for a loan modification and avoid foreclosure upon the completion of the Trial Plan Period and if Mr. Carr provided the requested documentation. Mr. Carr insists that he provided the requested documentation and made all the Trial Plan Period payments, therefore, it was reasonably foreseeable by EMC Mortgage Corp. that Mr. Carr would rely upon what he believed to be a promise of a loan modification.

A plaintiff may establish a claim for promissory estoppel if: (1) there is a promise; (2) the promisee relies upon that promise to their detriment; (3) it was reasonably foreseeable by the promisor that the promisee would rely on the promise and (4) only the enforcement of the promise would avoid an injustice. *Birkenmeier v. Keller Biomedical, LLC,* 312 S.W.3d 380, 388-89 (Mo. App. 2010). A claim for promissory estoppel must include a promise that is definite and made "in a contractual sense" which requires that the contract be definite and delineated. *Prenger v. Baumhoer,* 939 S.W.2d 23, 26 (Mo. App. 1997); *Bower v. AT&T Technologies, Inc.,* 852 F.2d 361, 366 (8th Cir. 1988).

Mr. Carr's claim of promissory estoppel fails for several reasons. First, there was no promise of a loan modification. As previously discussed, all correspondence from EMC Mortgage Corp. indicated that Mr. Carr would need to qualify for a loan modification, even after all documentation was submitted. Second, there is no basis to conclude that Mr. Carr in fact sent EMC Mortgage Corp. all the requested documentation without any deficiencies. Mr. Carr admits that he mailed the documents by FedEx the day before they were due and also sent the documents by facsimile at a later date. There is no way for this Court to evaluate whether Mr. Carr did send

all the required documents as this Court has no basis to recite what documents are necessary for EMC Mortgage Corp. to grant a loan modification.  The only promise made to Mr. Carr was that he might qualify for a loan modification under HAMP, not that he would definately receive a loan modification under HAMP.

**Count IV: Wrongful Foreclosure**

Mr. Carr argues that he was wrongfully denied a loan modification and consequently, at the time the Property was foreclosed upon, Mr. Carr should have been granted a loan modification.  Therefore, Mr. Carr argues that the Property was wrongfully foreclosed upon.  Because Mr. Carr's argument is based on Mr. Carr having a right to a loan modification, and because Mr. Carr has not alleged that there was no default on the Note, Count IV for wrongful foreclosure will also be dismissed.  Therefore,

**IT IS ORDERED THAT** Defendants JPMorgan Chase Bank, N.A. and U.S. Bank N.A.'s Motion to Dismiss is **GRANTED**; and

**IT IS FURTHER ORDERED THAT** all other requests are **DENIED**.

/s/ Kathy A. Surratt-States

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: March 12, 2013
St. Louis, Missouri

Copies to:

All creditors and parties in interest.